UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HERMAN GRAVOLET                                                  CIVIL ACTION

VERSUS                                                           NO. 08-3646

JENNIFER DAIGLE TASSIN, et al                                    SECTION "C" (3)

### DISCOVERY RULING PURSUANT TO *IN CAMERA* REVIEW

Counsel for defendants submitted disciplinary records and personnel files regarding defendants, Jennifer Daigle Tassin, Randy Linder and Charles Guey for *in camera* inspection, pursuant to the guidelines set forth in *Frankenhauser v. Risso*, 59 F.R.D. 39, 344 (E. D. Pa. 1973). The Court has reviewed the materials and finds that the defendants have failed to make requisite substantial threshold showing that specific harms are likely to result from disclosure.

In *D'Antoni v. Kenner Police Officer Anthony Roach,* 1997 WL 627601 (E. D. La.), Magistrate Judge Wilkinson explained:

> The Fifth Circuit's opinion in *Coughlin* makes it clear that no blanket privilege exists under the federal common law for either personnel files or IAD records.
> * * *
> Special caution should be exercised in recognizing a privilege in a civil rights case because application of the federal of privilege, rather than state law, in civil rights actions is designed to ensure that state and county officials may not exempt themselves from the very laws which guard against their unconstitutional conduct by claiming that state law requires all evidence of their alleged wrongdoing to remain confidential. To invoke a privilege against disclosure of law enforcement records, the City must make a "'substantial threshold showing' that *specific harms* are likely to result from the disclosure."

*D'Antoni v. Kenner Police Officer Anthony Roach,* 1997 WL 627601, *1 (E. D. La.).

On the face of the complaint, plaintiff makes serious allegations of misconduct, which civil rights laws are designed to redress. It is highly unlikely that the plaintiff would be able to unearth relevant, discoverable information that may be contained in the defendants' files through

1

other means.

This Court has reviewed the personnel files and the IAD investigative files involving defendants, Tassin, Linder and Guey. With the exception of a 1996 report of a complaint with respect to Capt. Charles Guey which bears no potential relevance to the case at bar, copies of said records should be made available to the Plaintiff, without further restriction,[1] other than redaction of confidential personal financial information unrelated to Plaintiff's discovery requests, including social security number(s), retirement/medical benefit(s), pay information, medical information, home addresses, telephone numbers and personal identifying information regarding any and all of the individual officer's dependents (past and present), etc.

Nothing herein should be construed as an opinion as to the admissibility of any of the documents. The undersigned Magistrate Judge addresses solely the issue of their discoverability.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Protective Order is DENIED in large part and GRANTED in part with respect to the 1996 report of a complaint against Guey and the necessity of a protective order precluding disclosure beyond the bounds of this litigation. Within seven (7) days of the date of the entry of this order, the defendant, Sheriff I. F. Hingle, shall provide plaintiffs' counsel with copies of the requested records appropriately redacted as set

---

[1] *See, e.g., Fraire v. City of Arlington*, 957 F.2d 1268, 1272 (5th Cir.1992) (quoting an IAD report in a § 1983 suit brought against the Arlington Police Department following a police shooting); *Zavalla v. City of Houston*, 264 F.3d 1142 (5th Cir.2001) (citing the results of an IAD investigation in Title VII case by former police employee); Coughlin v. Lee, 936 F.2d 1152, 1159 (5th Cir.1991) (discussing IAD investigation files discovered in First Amendment action after police officers were allegedly fired for their political beliefs); *Betzer v. Stephens,* 2003 WL 22175993 (E. D. La. Sept. 19, 2003) (Knowles, M.J.) (defendant officers' personnel records and Sheriff's Department's IAD files are within the scope of Fed.R.Civ. P. 26 and discoverable.).

forth above.

**IT IS FURTHER ORDERED** that the production shall be made subject to a protective order precluding disclosure of the information beyond the bounds of the instant limitation and further *limiting the disclosure of the investigative files to attorney's and expert's eyes only*.

New Orleans, Louisiana, this 4th day of May, 2009.

                                        **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**