UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HERMAN GRAVOLET                                                    CIVIL ACTION

VERSUS                                                             NO. 08-3646

JENNIFER DAIGLE TASSIN, et al                                      SECTION "C" (3)

DISCOVERY RULING GRANTING DEFENDANT's
MOTION TO QUASH SDT (Doc. #90)

The undersigned recently issued a discovery order pursuant an *in camera review* of the disciplinary records and personnel files regarding defendants, Jennifer Daigle Tassin, Randy Linder and Charles Guey pursuant to the guidelines set forth in *Frankenhauser v. Risso*, 59 F.R.D. 39, 344 (E. D. Pa. 1973). This Court allowed access to certain Internal Affairs records and personnel files of the defendants in this matter in light of the allegations of plaintiff. Most recently on May 11, 2009 and within two weeks of the pretrial conference date (May 20, 2009), plaintiff issued *new* "discovery requests" – *i.e.*, subpoena duces tecum addressed to defendant Sheriff Irvin Fritz "Jiff" Hingle returnable within four (4) days on May 15, 2009.

Generally, Fed. R. Civ. P. 34 requests are utilized to compel production of relevant documents and other materials in the possession of a party to the lawsuit. Plaintiff has not availed himself of the Rule 34 discovery device for the purpose of seeking production of records of Sheriff's Office personnel who are not implicated in the above captioned case. Instead, plaintiff resorted to the procedures prescribed by Fed. R. Civ. P. 45, which details the method of exacting "discovery" documents from non-parties and compelling their appearance for deposition or trial. The scope of discovery with respect to non-parties under Rule 45 is no

1

broader than that prescribed for parties under Rule 26(b)(1).[1]

This Court has already issued its ruling with respect to discovery of personnel files and IAD files retained by Sheriff Hingle. Indeed, there is no practical reason to apply a different rule simply because plaintiff now chooses to obtain information from Sheriff Hingle via subpoena rather than by a Rule 34 document request. In addition, the subpoenas are unduly burdensome and harassing in that they seek information not reasonably related to any issue in this case. Additionally, said subpoenas demand production within four days.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Quash SDT (Doc. # 90) is GRANTED and the May 20th hearing previously scheduled before the undersigned Magistrate Judge is CANCELLED.

New Orleans, Louisiana, this 18th day of May, 2009.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Subpoenas issued for discovery purposes, such as those at issue here, are subject to the discovery limitations outlined in Fed. R. Civ. P. 26(b). *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D.Tex.2003); 9A Wright & Miller, Federal Practice & Procedure: Civil 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).")