UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HERMAN L. GRAVOLET | CIVIL ACTION |
| VERSUS | NO. 08-3646 |
| JENNIFER DAIGLE TASSIN, ET AL | SECTION "C" (3) |

ORDER AND REASONS

IT IS ORDERED that the motion for reconsideration is DENIED. (Rec. Doc. 163). Although the issuance of its ruling on the defendants' motion for summary judgment was unfortunately delayed by the capital trial and by repeated efforts to settle this matter, the Court had ample opportunity to thoroughly consider the matter.[1] The issue presented in the motion was qualified immunity, and the Court found that the plaintiff failed in his burden of showing that the arresting officers lacked probable cause to arrest him and that the legality of the conduct was clearly established. *Mesa v. Prejean*, 543 F.3d 264, 269 (5th Cir. 2008). The fact that the Court did not find the arguments

---

[1] Contrary to the plaintiff's understanding, the benchbooks submitted were for purposes of trial and never made part of the record because this case did not go to trial. The material submitted in conjunction with the motion for summary judgment and opposition was considered and, in certain instances, also specified in the ruling for purposes of clarity and for reference on appeal.

1

presented by the plaintiff persuasive and/or relevant to the issue of qualified immunity does not mean that the Court did not consider them. The plaintiff appears to assume that he is entitled to a trial without regard to the issue of qualified of immunity. Overcoming a qualified immunity defense is by law necessarily burdensome. The plaintiff failed to defeat this defense.[2]

New Orleans, Louisiana, this 8th day of July, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] Contrary to the plaintiff's apparent assumption, the Court did not view the tape of the plaintiff at booking, which was not made part of the record for summary judgment. Instead, the Court referred to the plaintiff's own admission that he was "incensed" at the initial arrest for driving while intoxicated, and that the plaintiff sought to exclude the video tape of him at that booking. (Rec. Doc. 160, p.2, fn 2; Rec. Doc. 58, Exh. 2; Rec. Doc. 123). The plaintiff's "incense" is elaborated upon in his deposition testimony offered by him in conjunction with the previously-submitted opposition papers in which he admits, among other things, that he dragged the booking desk across the floor. (Rec. Doc. 58, Exh. 18). These are "facts or circumstances" among the totality that the defendants were entitled to consider for purposes of qualified immunity. *Haggerty v. Texas Southern University*, 391 F.3d 653, 655 (5th Cir. 2004). The Court feels compelled to note that it is the plaintiff, not the Court, who repeatedly emphasizes the fact that the plaintiff had a gun, albeit unloaded, in his car at the time of his arrest. (Rec. Doc. 163, p. 5). Instead, the Court attempted to exercise restraint in its description of the plaintiff's conduct at the relevant times.